UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARCHINA WILLIAMS,** <br> **Plaintiff,** <br><br> v. <br><br> **FAIRWAY MARKET,** <br> **Defendant.** | Civ. No. 14-3098 (WJM) <br><br><br> **OPINION & ORDER** |

      Plaintiff Marchina Williams requests appointment of *pro bono* counsel to represent her in her workplace discrimination claim. For the reasons set forth, this motion is denied without prejudice.

      Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This provision covers both plaintiffs and defendants in civil cases. *See Waller v. Butkovich*, 584 F. Supp. 909, 947-48 (D.N.C. 1984). District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (*citing Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In *Tabron v. Grace*, the Third Circuit instructed that, in exercising its discretion to appoint counsel, district courts must first assess whether a given case or defense has merit, and then weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d. at

155-57.  The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful.  *Montgomery*, 294 F.3d at 499.

In addition, counsel appointment may be warranted when a case requires a significant degree of factual investigation, extensive discovery requests or compliance with complex discovery rules.  *Tabron*, 6 F.3d at 155.  "[W]hen a case is likely to turn on credibility determinations, appointment of counsel may be justified."  *Id*.  Similarly, appointed counsel may be necessary "where the case will require testimony from expert witnesses."  *Id.*

"[S]ignificant practical restraints on the district courts' ability to appoint counsel" exist.  *Id.* at 157.  Those restraints include "the ever-growing number of prisoner civil rights actions filed each year in federal courts; the lack of funding to pay for appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation."  *Id.*  (footnote omitted).  Therefore, appointment of counsel is warranted only where "special circumstances" indicate a likelihood of substantial prejudice to the plaintiff should the plaintiff proceed without counsel.  *Smith-Bey v. Petscok*, 741 F.2d 22, 26 (3d Cir. 1984).  Furthermore, because "volunteer lawyer time is extremely valuable, "courts "should not request counsel under § 1915(d) indiscriminately."  *Tabron*, 6 F.3d at 157.

In this case, Williams presents facially meritorious allegations of retaliation for the filing of an EEOC complaint.  She also has demonstrated a lack of resources and legal sophistication.  Williams is a single mother of four children who has already been granted *in forma pauperis* status.

At the same time, she appears to be a generally capable woman.  She has intelligibly written out the facts underlying her Complaint and has been able to read and understand the New Jersey Rules of Court.  These acts demonstrate that she likely has the skills to find *pro bono* on her own.  So far, she has failed to demonstrate that she has exhausted options such as law school clinics, New Jersey Legal Services, or the services of a lawyer who would take this case on a contingency basis.  Moreover, Plaintiff's demand is not unreasonable, and options for amicable resolution of this case should be explored before the court burdens private counsel with a *pro bono* appointment.  For these reasons,

**IT IS** on this 20th day of January 2015, hereby

**ORDERED** that Plaintiff's request for appointment of *pro bono* counsel is denied without prejudice.

/s/ William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**